IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| EDWARD LEE WAY, | : | |
| Petitioner | : | |
| VS. | : | 7 : 09-CV-56 (HL) |
| TERRY DUFFEY, Warden, | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely. The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The petition was signed on April 20, 2009, and filed on April 30, 2009.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not

be counted toward any period of limitation under this subsection." § 2244 (d)(2). In *Wilcox v. Florida Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996. Thus, these prisoners, such as the petitioner herein, were allowed one year, or until April 23, 1997, to file a federal habeas petition attacking their conviction. *See also*, *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998). When this one-year grace period is applied to the facts herein it is clear that the petitioner failed to file this federal habeas petition in a timely manner.

The petitioner was convicted of malice murder and possession of a knife during the commission of a crime in the Superior Court of Cook County in 1992. Petitioner was sentenced to life plus five (5) years. Petitioner did not appeal his convictions or sentences. Petitioner later filed two (2) motions for an out-of-time appeal in the trial court, the first in 1997 and the second in 2005. Both of these motions were denied by the trial court. On June 26, 2007, the petitioner filed a state habeas petition in the Superior Court of Mitchell County. The state habeas court denied relief on November 17, 2008. Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on February 23, 2009.

Petitioner's conviction became final prior to the passage of the AEDPA, and he thus had until April 23, 1997, in which to file this federal petition or toll the limitations period by properly filing an application for state post-conviction or other collateral review. Even assuming that petitioner's 1997 motion for an out-of-time appeal was properly filed with the

trial court and pending during the statute of limitations period, the petitioner failed to file this federal petition or a state petition within the ensuing one-year period. Once this motion for an out-of-time appeal was denied on February 12, 1997, the petitioner waited until June 2007, over ten (10) years later, to file his state habeas petition. The petitioner's filing of this federal habeas petition was clearly untimely, and the tolling provision of § 2244(d)(2) does not afford the petitioner any protection.

The petitioner argues that the untimeliness of his petition should be excused because of a recently discovered factual predicate related to his claims, extraordinary circumstances beyond his control that prevented the petition's timely filing, and/or the demonstration of actual innocence. However, as the respondent points out, the petitioner has failed to establish the basis for any of these exceptions to the timeliness requirements. The petitioner has not established that he was unaware of factual circumstances surrounding his sentencing transcript, as he was aware of the circumstances surrounding his sentencing, at which he was present. In regard to petitioner's claim that extraordinary circumstances beyond his control prevented him from timely filing, the petitioner has not established the basis for such equitable tolling of the time limitations. "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999). Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief. Finally, the petitioner has not set forth any probative evidence of actual innocence. A claim of actual innocence must be

supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Schlup v. Delo*, 513 U.S. 298, 317 (1995). "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed." *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 7TH day of January, 2010.

**S/G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**