### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### VALDOSTA DIVISION

| | | |
|---|---|---|
| **EDWARD LEE WAY,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 7:09-CV-56 (HL) |
| | : | |
| **TERRY DUFFEY, Warden,** | : | |
| | : | |
| Respondent. | : | |

_____

### ORDER

The Recommendation of United States Magistrate Judge G. Mallon Faircloth, entered January 7, 2010 (Doc. 15), in the above-captioned case is before the Court. Petitioner, Edward Lee Way, has filed written objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).

Magistrate Judge Faircloth recommends that the Motion to Dismiss Petition as Untimely (Doc. 11) filed by Respondent, Terry Duffey, be granted and Way's § 2254 petition dismissed as untimely under the AEDPA. The Court has thoroughly considered Way's objection, and has made a *de novo* review of the portions of the Recommendation to which Way objects.

Way does not dispute that his petition is untimely. Instead, he argues that the untimely filing should be excused because the factual predicate of the claims presented was recently discovered, extraordinary circumstances beyond his control prevented the timely filing of the habeas petition, and he is actually innocent.

The Magistrate Judge determined that Way failed to establish the basis for any of these exceptions to the timeliness requirement. In his objection, Way argues that his claim is based on actual innocence, and is therefore not governed by the AEDPA. He also argues that he demonstrated extraordinary circumstances in that state officials prevented him from obtaining the transcript of his trial so he could file his habeas petition. The Court agrees with the Magistrate Judge that these claims fail.

A claim of actual innocence may warrant consideration of an untimely federal petition. Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). This is a very narrow exception. "To meet this standard, a petitioner must show that it is more likely than not that no reasonable juror would have convicted him of the underlying offense. In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (internal quotation marks and citations omitted). The Supreme Court has limited the type of evidence that would be considered reliable to "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995).

Way's "actual innocence claim is hindered at the outset by a fatal shortcoming - he has not presented any actual evidence" to the Court. "Consequently, he has provided no basis upon which a court can second-guess the jury's verdict." Sibley v. Culliver, 377 F.3d 1196, 1206 (11th Cir. 2004). Way has not raised "new facts"

and demonstrated that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him. Id. at 1205. He certainly has not pointed the Court to any exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence as required by Schlup. Way's "actual innocence" argument is more accurately described as an attack on his conviction based on allegations of ineffective assistance of counsel. Further, the Eleventh Circuit has never held that an actual innocence exception exists to the one-year statute of limitations. Id. The Court finds no reason why such an exception should be created in this case.

As for his argument that extraordinary circumstances in the form of not having his trial transcript prevented him from filing a timely petition, the law is clear that not having a transcript does not constitute extraordinary circumstances under which equitable tolling is required. *See* Lloyd v. Van Natta, 296 F.3d 630, 633-34 (7th Cir. 2002); Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002); Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir. 2001) ("[W]e understand petitioner's desire to have a transcript before filing for post-conviction relief. Possession of a transcript, however, is not a condition precedent to the filing of such proceedings. . . .And we are not told which particular claims petitioner was prevented from raising by the lack of a complete transcript.") Way's argument is unavailing. He was present at the trial and should have some knowledge of the issues he wished to raise. Simply put, a transcript is not needed to file a § 2254 petition.

The Magistrate Judge was correct in his determination that Way's petition is barred by the AEDPA statute of limitations and is not subject to equitable tolling. Thus, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 15) is adopted and made the order of this Court. Way's objections are overruled. Duffey's Motion to Dismiss (Doc. 11) is granted, and Way's § 2254 petition (Doc. 1) is dismissed. Way's Motion to Appoint Counsel (Doc. 17) is denied.

**SO ORDERED**, this the 10th day of February, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh